IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHRYN P.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

No. 3:22-cv-587-HZ

OPINION & ORDER

Robyn M. Rebers
Robyn M. Rebers, LLC
P.O. Box 3530
Wilsonville, OR 97070

    Attorney for Plaintiff

Kevin Danielson
Executive Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION & ORDER

Jacob Phillips
Social Security Administration
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Kathryn P. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB and SSI on April 17, 2018, alleging an onset date of June 1, 2016. Tr. 16.[2] Plaintiff's date last insured ("DLI") is December 31, 2018. Her application was denied initially on November 8, 2019. Tr. 166. The Appeals Council reviewed and remanded her claim for a new hearing. At the new hearing, the ALJ was directed to obtain medical expert evidence regarding whether a walker or handheld-assistive device was required, evaluate Plaintiff's symptoms in accordance with the regulations and SSR 16-3p, give further consideration to her RFC and her past relevant work, and obtain supplemental vocational evidence if warranted. Tr. 186-88.

      On October 13, 2019, and again at the supplemental hearing on April 13, 2021, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 33-75, 76-

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No 11.

130. On June 4, 2021, the ALJ found Plaintiff not disabled. Tr. 10-32. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on arthritis, depression, panic disorder, social phobia, generalized anxiety disorder, fibromyalgia, PTSD and sacroiliitis. Tr. 429. At the time of her alleged onset date, she was 44 years old. Tr. 445. She has at least a high school education. Tr. 430, and past relevant work experience as a dispatcher (DOT# 379.362-01) and substance abuse counselor (DOT# 045.107-058). Tr. 24.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date through her date last insured. Tr. 15. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "obesity, lumbar and thoracic spine conditions, osteoarthritis of the hips and knees, migraines, affective disorder, anxiety disorder, posttraumatic stress disorder." Tr. 16. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 16. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> she could stand and walk 4 hours in an 8- hour day; and could occasionally climb ramps and stairs and never climb ladders, ropes and scaffolds and could occasionally balance, stoop, kneel, crouch and crawl and should avoid even moderate exposure to work hazards, such as dangerous moving machinery and unprotected heights and could have occasional interaction with the general public, coworkers and supervisors and would require a cane to ambulate distances longer than 100 feet but could remain on task at a work station.

Tr. 18. Because of these limitations, the ALJ concluded that Plaintiff could not perform her past relevant work. Tr. 24. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "office helper (DOT# 239.567-010), collator operator (DOT# 208.685-010), mail clerk (DOT# 209.687-026), and storage facility rental clerk (DOT# 295.367-026)." Tr. 25. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 25.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal citation omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole

can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) improperly discounting Plaintiff's subjective symptom testimony; (2) incorrectly evaluating the medical evidence; and (3) failing to craft an RFC supported by substantial evidence. This Court agrees.

**I.    Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.* (internal quotations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195

(9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

> Here, the ALJ summarized Plaintiff's testimony as follows:
>
> At the prior hearing, the claimant testified working full-time was difficult because she needed time off when she could sit at home to cross stitch or watch TV, relax, and did not need to think. The claimant testified she had daily panic attacks even though she was not working. She indicated they lasted 15 to 20 minutes. She testified it was hard for her to leave the house to go grocery shopping. She indicated she used to love horror movies but could no longer watch them. She testified she had no care for a period of time because she lost insurance but was back in counseling, which helped with coping. She indicated she had not cut herself for the past couple months and did this much less than she used to. She testified she cut herself every 3 or 4 months. She testified she went out every other week to play Dungeons and Dragons but missed about every 3rd time.
>
> At the April 2021 hearing, the claimant testified she has not worked since 2016. She indicated her condition is about the same, she still cannot walk as far as she wants, and standing is painful. She testified her current weight is 280 pounds and she has been working at weight loss for 2 years, watching what she eats and walking around her building once or twice a day using a walker.

Tr. 19

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and did not identify evidence of malingering. Tr. 19. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.* Specifically, the ALJ found Plaintiff's symptom allegations were inconsistent with her employment history and unsupported by the objective medical evidence and treatment history.

///

///

7 – OPINION & ORDER

A. Objective Medical Evidence and Treatment History

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Inconsistency between a claimant's testimony and the objective medical record is a valid reason to discount that testimony. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record). And in some cases, the ALJ can discount claimant testimony when that testimony is not supported by the objective medical record. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2007) (" 'Graphic and expansive' pain symptoms could not be explained on objective, physical basis by claimant's treating physician."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ could consider mild findings on MRIs and X-rays in discounting the plaintiff's testimony as to her back pain). But this may not be the ALJ's sole reason for discounting a claimant's testimony: "the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick*, 157 F.3d at 722.

Concerning Plaintiff's mental limitations, the ALJ concluded that Plaintiff's allegations of debilitating symptoms are not consistent with the treatment record. For example, the ALJ noted that at several treatment visits, Plaintiff's mood was euthymic, she had full affect, clear speech, and logical thought processes with normal cognition, insight and judgment. Tr. 19 (citing Tr. 619). The ALJ also cited records from June 2016, the month of Plaintiff's alleged onset date, which showed that she had been able to go to a store three times within two weeks, had mild to moderate anxiety levels and had missed three days of work in two weeks due to panic attacks.

Tr. 19. From the following year, the ALJ cited a treatment note that indicated that despite Plaintiff's depressed and anxious mood she was otherwise normal. Tr. 20 (citing Tr. 684). Jumping ahead several months, the ALJ also identified a September 13, 2017 note which showed decreased anxiety with fewer panic attacks but also increased depression. Tr. 20 (citing Tr. 1506). The ALJ also noted that Plaintiff's depression was described as "well-controlled" in a January, 2018 note. Tr. 20 (citing Tr. 820).

This was not a legally sufficient rationale to reject Plaintiff's reports of her mental health symptoms and limitations. The ALJ must consider Plaintiff's subjective symptom testimony in light of the record as a whole, and may not cherry-pick isolated instances of improvement from the record. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (noting that "some improved mood and energy level" did not contradict doctors' opinions that Plaintiff could not work where "treatment notes consistently reflect that Ghanim continued to experience severe symptoms, including ongoing depression and auditory hallucinations, difficulty sleeping, nightmares, and memory loss"). This is particularly true of mental health symptoms, which tend to wax and wane over the course of treatment. *Garrison v. Colvin*, 759 F.3d 995, 1036 (9th Cir. 2014) (noting that cycles of improvement followed by worsening symptoms are a common occurrence, not a basis for concluding a claimant is capable of working). Here, the ALJ highlighted positive aspects of Plaintiff's mental health symptoms at certain, discrete appointments, but failed to account for other, more negative symptom reports at those same visits, or account the periods of time when Plaintiff's mental health symptoms worsened. For example, in the 2016 treatment note the ALJ cites to show plaintiff's "euthymic" mood and normal cognition, the medical record also showed Plaintiff having panic attacks two to three times a week and that her depression and anxiety was an 8 out of 10. Tr. 619. From the February 2017 treatment note, the ALJ omitted that in addition

9 – OPINION & ORDER

to Plaintiff presenting as "otherwise normal," she had daily anxiety and panic attacks, she was sad and crying more, and she was still having recurrent and distressing thoughts and nightmares. Tr. 685. The ALJ also omits Plaintiff's suicidal ideation entirely. *See, e.g.,* Tr. 637. And, while the ALJ cited a 2018 record where Plaintiff indicated she could not remember her last panic attack. Tr. 20 (citing Tr. 1554), two months later she reported having four panic attacks within the last 1.5 weeks. Tr. 1564. In sum, when viewed in the context of the entire record, the ALJ improperly cherry-picked cycles of improvement as a reason to reject Plaintiff's subjective symptom testimony about her mental health. This was not a clear and convincing reason for the ALJ to discount Plaintiff's symptom testimony about her mental health limitations.

    B.  Work History

The ALJ also found Plaintiff's work history was inconsistent with Plaintiff's allegations. Tr. 1032-33. Working with an impairment can, under certain circumstances, support a conclusion that the impairment is not disabling. *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (seeking work despite impairment supports inference that impairment is not disabling). However, short-term work, which does not demonstrate the ability to sustain substantial gainful employment, may be considered an unsuccessful work attempt instead of substantial gainful activity. *Gatliff v. Comm'r Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). Defendant argues that the ALJ correctly identified that Plaintiff's work activity was at odds with the level of symptoms she reported. Def. Br. 4, ECF 18. The ALJ specifically cited Plaintiff's work activity as evidence of a moderate limitation in social functioning and as support for his

conclusion that her ability to do this part-time job supported a capacity for "some types of work." Tr. 17, 19. The ALJ did not, however, identify any specific testimony which would be undermined based on her part-time employment which lasted less than three months and was performed at a level below substantial gainful activity (SGA).

This was not a clear and convincing reason to discount Plaintiff's subjective symptom testimony. A claimant's unsuccessful work attempts are not grounds to discredit subjective symptom testimony. *Gatliff.*, 172 F.3d at 694 (citing SSR 84-25, 1984 WL 49799, at *2); *see also Lingenfelter*, 504 F.3d at 1036-37 (ALJ improperly discredited symptom testimony by finding the claimant attempted to work for nine weeks after the adjudicative period but was unable to continue due to his impairments). Social Security regulations permit a trial work period of up to nine months and squarely preclude use of this evidence to establish an individual is no longer disabled. *Lingenfelter*, 504 F.3d at 1039 (citing 20 C.F.R. § 404.1592). The ALJ cited two work experiences, neither of which lasted longer than nine months, and neither of which directly undermines any of Plaintiff's symptom testimony. Even if they had, the ALJ did not adequately identify what specific hearing testimony Plaintiff's work history undermined. It was therefore improper for the ALJ to discredit Plaintiff's testimony because she tried—unsuccessfully—to continue to work part-time during her period of alleged disability. *Reddick* 157 F.3d at 722. Because this was not a clear and convincing reason to reject Plaintiff's symptom testimony, this Court finds substantial evidence does not support the ALJ's decision to discount Plaintiff's symptom testimony.[3]

---

[3] The Commissioner attempts to bolster the ALJ's rationale by arguing that other employment evidence in the record and Plaintiff's activities of daily living conflict with her testimony. Resp. at 3-5. Even if this were a convincing reason, the Court considers only those reasons relied upon by the ALJ, not defendant's *post hoc* rationalizations. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (stating the court "is constrained to review the reasons the ALJ

## II.     Medical Opinion Evidence

Plaintiff argues the ALJ failed to provide legally sufficient reasons for discounting the standing and walking limitations of the state agency physicians, rejecting the absenteeism opinion of Milan Sosnovec, MD, and in finding Eric Schmitter, MD,'s opinion about the need for a walker persuasive.

The regulations about weighing medical opinion evidence filed on or after March 27, 2017 apply to this claim. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under these regulations, ALJs are not required to give deference to any medical opinion, including treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, the ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" from each doctor or other source. 20 C.F.R. §§ 404.1520c(b), 416.920c(b)(2). In doing so, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20

---

asserts"). Because that rationale was not part of the ALJ's analysis, the court need not reach whether it would be a sufficiently clear and convincing reason to discount Plaintiff's testimony.

C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

A. Dr. Schmitter

Dr. Schmitter opined that Plaintiff did not need a cane and was capable of light exertion, but limited to walking four hours a day. Tr. 42-43. Dr. Schmitter focused primarily on orthopedic impairments and noted in his opinion that there was very little orthopedic information in this case. He testified that "the only [orthopedic records] I could really find are 4F and 28F" and that was "all I have to work with." Tr. 39. The records he cited include a one-page chart note from orthopedist in 2017 and radiology reports containing knee and hip x-rays. Tr. 737, 2322-2341. Dr. Schmitter identified medically determinable impairments of morbid obesity, mild bilateral knee arthritis and degenerative changes in both hips. Tr. 39. He did not believe that Plaintiff needed a walker as he did not see it recommended "in the minimal orthopedic information that [he] reviewed" but he indicated that the use of a walker was not unreasonable. Tr. 39-41. The ALJ found this opinion "somewhat persuasive" on the basis that "[i]t was supported with explanation," citing lack of other medical records showing a cane or other support would be required. Tr. 22.

The ALJ sufficiently considered the supportability of Dr. Schmitter's opinion. The supportability factor looks to the relevant objective medical evidence—that is, clinical signs and diagnostic findings, *see* 20 C.F.R. §§ 404.1502(c), (f), (g)—and the supporting explanations a medical source provides for their opinions. 20 C.F.R. § 404.1520c(c)(1). "An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation"

13 – OPINION & ORDER

when evaluating a medical opinion. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). The ALJ noted Dr. Schmitter's opinion that Plaintiff did not require a cane was "supported with explanation," and identified the orthopedic records and lack of "evidence of instability" that Dr. Schmitter had cited in support. Tr. 22. Plaintiff's further arguments are an effort to have this Court re-weigh the evidence, which is not the province of this Court's review. *Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987) (noting that the Court may not "reweigh the evidence [and] substitute [its] own judgment" for the ALJ's). Because the ALJ reasonably considered the supportability of Dr. Schmitter's opinion about the need for a cane, and the ALJ's conclusion was supported by substantial evidence, the Court will not disturb the ALJ's finding that Dr. Schmitter's opinion was partially persuasive.[4]

B. Dr. Sosnovec

Dr. Sosnovec completed a Family and Medical Leave Act ("FMLA") form on May 16, 2016—two weeks before Plaintiff's alleged onset date—detailing the extent and frequency of Plaintiff's depression, anxiety, and sleep disorder. Tr. 558-59. The form prompted Dr. Sosnovec to opine on Plaintiff's ability to perform the job-related functions of the counseling position she held at the time. Tr. 558. Dr. Sosnovec reasoned that Plaintiff's conditions rendered her unable to perform any aspect of her counseling job. Tr. 558. Dr. Sosnovec further indicated that Plaintiff would have flare-ups twice a month for up to two days per episode, and opined that it was "medically necessary for [Plaintiff] to be absent from work during the flare-ups." Tr. 559. The

---

[4] Even if it were error to accept this portion of Dr. Schmitter's opinion, such error was harmless. As Defendant points out, the vocational expert testified that use of a cane or walker would not preclude Plaintiff from performing the mail clerk or collar operator jobs the ALJ identified were available to Plaintiff at step five. Any error in accepting this portion of Dr. Schmitter's opinion was therefore harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

ALJ did not make an explicit persuasiveness finding about Dr. Sosnovec's opinion, and disregarded it as "vague," and "a [*sic*] FMLA form and not directly applicable to assessing the claimant's functional limitations." Tr. 23.

Defendant first argues that the FMLA form was not a "medical opinion" at all, so it could not have been error for the ALJ to insufficiently assess its persuasiveness. The revised regulations, which apply here, define "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in abilities such as "ability to perform mental demands of work…." 20 C.F.R. § 404.1513(a)(2). Dr. Sosnovec is a "medical source," who provided a statement about, among other things, whether Plaintiff had a condition that would "periodically prevent[] [her] from performing []her job." Tr. 559. Dr. Sosnovec provided his opinion that Plaintiff "can't perform essential or all job functions" during mental health flare-ups twice a month, for two days at a time. This is a "medical opinion" since it describes how Plaintiff's impairments affect her ability to work. *See* 20 C.F.R. § 404.1513(a)(2).

Under the regulations, the ALJ was required to evaluate the supportability and consistency of Dr. Sosnovec's opinion, and failed to adequately do so. An opinion's persuasiveness is a function of its support from the relevant objective medical evidence and its consistency with evidence from other sources. *See* 20 C.F.R. §§ 404.1502(c), (f), (g). Here, the ALJ did not explicitly consider the persuasiveness of Dr. Sosnovec's opinion, but appeared to reject it as "vague," and because it was issued prior to Plaintiff's alleged onset date. Neither reason is supported by substantial evidence, or a sufficient analysis of the opinion's supportability and consistency. First, the opinion is not vague—it specifically addresses the number of times Plaintiff's symptoms would be severe enough to prevent her from performing

15 – OPINION & ORDER

all job functions and cause her to miss work. Tr. 558-59. And, although the opinion was issued two weeks before the alleged onset date, its prognosis applies to Plaintiff's condition past the specific date it was provided. *See* Tr. 559. And ultimately, as described above concerning Plaintiff's symptom testimony, the record supports Dr. Sosnovec's opinion that Plaintiff's condition would cause frequent absences from work. Tr. 82, 611. The ALJ therefore erred in discounting Dr. Sosnovec's opinion unpersuasive. This error was harmful because that degree of absenteeism precludes competitive employment pursuant to vocational testimony at both hearings. Tr. 72, 126

### III.   Residual Functional Capacity

Plaintiff argues that the ALJ erred in failing to include in the RFC all functional limitations supported by the record. Pl. Br. at 28. The RFC is the most a person can do, despite her physical or mental impairments. 20 C.F.R. § 404.1545(a). In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, *available at* 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). An "RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690.

The ALJ's opinion discounted Plaintiff's subjective symptom testimony that she could not work due to her mental health limitations, and Dr. Sosnovec's opinion that Plaintiff would

suffer mental health flare-ups that would prevent her from performing her job for two two-day periods per month. Tr. 18-22. Based on this finding, he concluded that she could perform light work, provided certain limitations on her interaction with the public. Tr. 18. It did not mention Plaintiff's flare-ups, or significant limitations contained in Plaintiff's hearing testimony. *Id.* Thus, the RFC was defective. *Valentine*, 574 F.3d at 690.

### IV.     Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the prongs are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021.

The Court finds remanding to further develop the record would be useful in this case. As described in more detail above, the ALJ erred by failing to properly assess Dr. Sosnovec's medical opinion. On remand, the ALJ should properly evaluate that opinion, paying particular

17 – OPINION & ORDER

attention to whether the limitations in the FMLA form the Doctor submitted apply to all jobs, or just the job Plaintiff had at the time of the FMLA claim. Furthermore, the ALJ should consider the longevity of the limitations Dr. Sosnovec assessed. *See, e.g.,* Tr. 558 (where Dr. Sosnovec couched opinions with the phrase "not at this time"). The ALJ should also consider the extent to which the limitations Dr. Sosnovec assessed affect the RFC, and whether in light of Plaintiff's symptom testimony she is disabled as a result.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED:\_\_\_June 26, 2023_____.

_____/s/ Marco Hernández_____
MARCO A. HERNÁNDEZ
United States District Judge

18 – OPINION & ORDER